IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RHONDA BROWN, a Washington resident,<br><br>Plaintiff,<br><br>vs.<br><br>1763 INVESTMENTS, a Limited Liability Company,<br><br>Defendant. | **NO.**<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

COMES NOW, Plaintiff, Rhonda Brown, by and through her attorneys Conrad A. Reynoldson and Felicity Chamberlain of Washington Civil & Disability Advocate, for her Complaint for Declaratory and Injunctive Relief to state and allege as follows:

## I. OVERVIEW

1. The Americans with Disabilities Act and the Washington Law Against Discrimination require places of public accommodation to be accessible to people with disabilities.

2. The Malm's Dry Cleaning in Tacoma is a place of public accommodation within the meaning of Title III of the ADA, 42 U.S.C. § 12181(7), and its implementing regulation, 28

Complaint for Declaratory and Injunctive Relief
**Page 1 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

C.F.R. § 36.104.

3.     Over 29 years after the passage of the Americans with Disabilities Act (the "ADA"), Defendant discriminates against individuals with disabilities because Defendant leases or operates a property as a place of public accommodation that does not comply with the ADA accessibility laws and regulations, enacted into law to protect persons with disabilities.

4.     Therefore, Plaintiff brings this action to end the civil rights violations at a place of public accommodation by Defendant 1763 Investments, LLC against persons with mobility disabilities.

## II.    PARTIES

5.     Plaintiff Rhonda Brown is a Washington resident and resides in this district.

6.     Ms. Brown is unable to walk and uses a wheelchair and modified vehicle for mobility. She requires accessible parking and an accessible route to patronize Malm's Dry Cleaning on defendant's property.

7.     Defendant 1763 Investments, LLC is a Washington Limited Liability Company with a registered agent at 1763 Jackson Ave, Tacoma, WA 98465.

## III.    JURISDICTION AND VENUE

8.     This court has jurisdiction pursuant to 28 U.S.C. § 1331, which gives district courts original jurisdiction over civil actions arising in the Constitution, laws, or treaties of the United States.

9.     This court has jurisdiction pursuant to 28 U.S.C. § 1343(a)(4), which gives district courts jurisdiction over actions to secure civil rights under Acts of Congress.

Complaint for Declaratory and Injunctive Relief
**Page 2 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

10. This court has jurisdiction pursuant to 28 U.S.C. § 1367, which gives district courts supplemental jurisdiction over state law claims.

11. Venue is appropriate in this judicial district under 28 U.S.C. § 1391 because the practices and procedures that gave rise to the Plaintiff's Complaint for Injunctive Relief and Damages occur in this district.

### IV. FACTUAL ALLEGATIONS

12. The ADA was enacted in 1990, "[t]o establish a clear and comprehensive prohibition of discrimination on the basis of disability."

13. The ADA prohibits places of public accommodation from providing individuals with disabilities with separate or unequal benefits and services.

14. Defendant's property is one example of countless places of public accommodation that are difficult or dangerous to access due to substantial and numerous compliance issues with the ADA.

15. Defendant's property leases to two businesses that share a parking lot. The parking lot has no accessible parking stalls at all.

### **PLAINTIFF**

16. Ms. Brown is a Tacoma, Washington resident.

17. Ms. Brown is limited in the major life activity of walking and is thus a qualified person with a disability within the meaning of Title III of the ADA and the Washington Law Against Discrimination.

18. Ms. Brown uses a wheelchair and a modified vehicle for transportation.

Complaint for Declaratory and Injunctive Relief
**Page 3 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

19. Ms. Brown travels throughout the Greater Tacoma Area on a regular basis.

20. Ms. Brown informed Malm's Dry Cleaning that they were required to have an accessible stall back in 2015, but was told by the staff that they refuse to install a van accessible parking space. She uses a modified van with a ramp, so she cannot patronize the business without risking someone blocking her in because of the lack of access aisle.

21. Ms. Brown has attempted to patronize the business as recently has August 2019, but has found that they still have not added an ADA accessible parking stall.

22. Ms. Brown will return to the property in question once the accessibility barriers are addressed.

## **DEFENDANT'S PROPERTY**

23. Ms. Brown has patronized the Malm's Dry Cleaning on Defendant's property located at 1763 S Jackson Ave Tacoma, WA 98465.

24. Ms. Brown used her wheelchair and modified vehicle for transportation, albeit at personal risk due to existing accessibility barriers.

25. Ms. Brown does not feel safe accessing the property as is due to the current accessibility barriers.

26. The barriers Ms. Brown encountered included a complete lack of accessible parking, van accessible or otherwise.

27. Defendant's property does not comply with the ADA's accessibility laws and regulations under either the 1991 ADA Standards for Accessible Design (1991 Standards) or the 2010 ADA Standards for Accessible Design (2010 Standards).

28. At Defendant's parking lot located at 1763 S Jackson Ave Tacoma, WA 98465,

Complaint for Declaratory and Injunctive Relief
**Page 4 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

there are twelve parking stalls. None of them are designated ADA accessible.

29. Under both the 2010 ADA Standards and the 1991 ADA Standards, Defendant must provide one van accessible space with a sign designating the parking stall "Van Accessible". In violation of the ADA Sections 208.2.4 and 502.6 of the 2010 Standards and Section 4.1.2(5)(a) and (b), 4.6.1 and 4.6.4 of the 1991 Standards, Defendant has failed to designate any appropriately sized and marked van-accessible spaces.

30. Ms. Brown's attorney, Felicity Chamberlain of Washington Civil & Disability Advocate, provided additional voluntary pre-litigation notice and an opportunity to settle this matter without a lawsuit by letter dated August 8, 2019.

31. Ms. Brown's attorney, Felicity Chamberlain of WACDA, attempted to settle this matter without lawsuit by emails and phone calls with Ronda Malm, an agent of 1763 Investments, LLC.

32. Despite Plaintiff's efforts, the parties have been unable to reach a settlement as of the filing of this complaint.

33. Defendant's property is not safe or welcoming for people who use wheelchairs because it does not comply with the ADA's accessibility laws and regulations.

34. The failure of Defendant to make the property comply with the ADA's accessibility laws and regulations works to exclude people with disabilities from equal access and enjoyment at the property.

### V.   FIRST CAUSE OF ACTION
**Title III of the Americans with Disabilities Act of 1990**
**42. S.C. § 12101** *et seq.*

35. Ms. Brown incorporates by reference each and every allegation in the paragraphs

Complaint for Declaratory and Injunctive Relief
**Page 5 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

above.

36. Ms. Brown is limited in the major life activity of walking and is thus a qualified individual with a disability within the meaning of Title III of the ADA.

37. Title III of the ADA states in relevant part: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

38. Defendant, 1763 Investments, LLC, owns or leases the property at 1763 S Jackson Ave Tacoma, where Malm's Dry Cleaning is located.

39. Malm's Dry Cleaning is a place of public accommodation. 42 U.S.C. § 12181(7).

40. Defendant has discriminated against Plaintiff on the basis of her disability.

41. Defendant's discriminatory conduct includes but is not limited to:

   a. Discriminatory exclusion and/or denial of goods, services, facilities, privileges, advantages, accommodations, and/or opportunities;

   b. Provision of goods, services, facilities, privileges, advantages, and/or accommodations that are not equal to those afforded non-disabled individuals;

   c. Failing to make reasonable modifications in policies, practices, and/or procedures as necessary to afford the goods, services, facilities, privileges, advantages, and/or accommodations to individuals with disabilities;

   d. Failing to make alterations in such a manner that, to the maximum extent feasible, the altered portions are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs;

Complaint for Declaratory and Injunctive Relief
**Page 6 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

      e. Failing to remove barriers to individuals with disabilities where it would be readily achievable to do so.

42. As such, Defendant discriminates and, in the absence of the injunction requested herein, will continue in the future to discriminate against Plaintiff on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities at Defendant's property in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and/or its implementing regulations.

43. Defendant's discriminatory conduct as alleged in this Complaint for Declaratory and Injunctive Relief has harmed Ms. Brown, and the harm continues.

44. Defendant's discriminatory conduct as alleged in this Complaint for Declaratory and Injunctive Relief entitles Ms. Brown to declaratory and injunctive relief. 42 U.S.C. § 12188.

45. Defendant's discriminatory conduct as alleged in this Complaint for Declaratory and Injunctive Relief entitles Ms. Brown to recover reasonable attorneys' fees and costs incurred in bringing this action. 42 U.S.C. § 12205.

## VI. SECOND CAUSE OF ACTION
### Violation of the Washington Law Against Discrimination
### (R.C.W. §§ 49.60.010 et seq.)

46. Ms. Brown incorporates by reference the allegations in the paragraphs above.

47. Ms. Brown is a qualified individual with a disability within the meaning of the Washington Law Against Discrimination.

48. Section 49.60.030(1) of the Revised Code of Washington provides in pertinent part: "The right to be free from discrimination because of . . . the presence of any sensory, mental, or physical disability . . . is recognized as and declared to be a civil right.  This right shall

Complaint for Declaratory and Injunctive Relief
**Page 7 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

1  include, but not be limited to: . . . (b) The right to the full enjoyment of any of the

2  accommodations, advantages, facilities, or privileges of any place of public resort,

3  accommodation, assemblage, or amusement . . . ."

4      49.    Defendant, 1763 Investments, LLC, owns or leases the property where Malm's

5  Dry Cleaning is located.

6      50.    Defendant has violated and continues to violate §§ 49.60.010 *et seq.* of the

7  Revised Code of Washington by failing to meet multiple accessibility requirements under the

8  ADA.

9      51.    Defendant's actions constitute discrimination against persons with disabilities and

10  violate the Washington Law Against Discrimination, Revised Code of Washington § 49.60.010

11  et seq., in that persons with mobility disabilities have been and are denied full and equal

12  enjoyment of the accommodations, advantages, facilities, privileges, and services that Defendant

13  provides to individuals who do not have disabilities.

14      52.    As a direct and proximate result of Defendant's discriminatory conduct as alleged

15  in this Complaint for Declaratory and Injunctive Relief, Ms. Brown has suffered and continues to

16  suffer difficulty, hardship, isolation, and segregation due to Defendant's failure to remediate.

17      53.    Defendant's discriminatory conduct as alleged in this Complaint for Declaratory

18  and Injunctive Relief has denied Ms. Brown the full and equal enjoyment of services that the

19  Washington Law Against Discrimination requires.

20      54.    Ms. Brown has a clear legal right to access the business at Defendant's property

21  under the Washington Law Against Discrimination.

22      55.    Ms. Brown has the right for Defendant's property to comply with the ADA's

23  accessibility laws and regulations under the Washington Law Against Discrimination.

**Complaint for Declaratory and Injunctive Relief**
**Page 8 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

56. Defendant's property does not comply with the ADA's accessibility laws and regulations.

57. Because Defendant's property does not comply with the ADA's accessibility laws and regulations, declaratory and injunctive relief are appropriate remedies under the Washington Law Against Discrimination. *See e.g. Kucera v. Dep't of Transp.*, 140 Wash. 2d 200, 209 (2000).

58. Pursuant to RCW § 49.60.030(2), Ms. Brown is entitled to declaratory and injunctive relief and to recover from Defendant his reasonable attorneys' fees and costs incurred in bringing this action.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Ms. Brown respectfully requests that this Court:

59. Assume jurisdiction over this action;

60. Find and declare Defendant 1763 Investments, LLC to be in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq. and the Washington Law Against Discrimination, Wash. Rev. Code §§ 49.60.010 et seq. because Defendant's property does not comply with the ADA's accessibility laws and regulations;

61. Issue a permanent injunction ordering Defendant to immediately implement the necessary improvements to bring the Defendant's property into compliance with the ADA's accessibility laws and regulations;

62. Award Ms. Brown reasonable attorneys' fees and costs as authorized by 42 U.S.C. § 12205 and Wash. Rev. Code § 49.60.030(2);

63. Award actual, compensatory, and/or statutory damages to Ms. Brown for violations of her civil rights as allowed under state and federal law;

Complaint for Declaratory and Injunctive Relief
**Page 9 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

64. Award such additional or alternative relief as may be just, proper and equitable.

DATED THIS 20th day of September, 2019

WASHINGTON CIVIL & DISABILITY ADVOCATE
Attorneys for Plaintiff

| /S/ FELICITY CHAMBERLAIN | /S/ CONRAD REYNOLDSON |
|---|---|
| Felicity Chamberlain | Conrad Reynoldson |
| WSBA# 46155 | WSBA# 48187 |
| 4115 Roosevelt Way NE, Suite B | 4115 Roosevelt Way NE, Suite B |
| Seattle, WA 98105 | Seattle, WA 98105 |
| (206) 428-3558 | (206) 428-3558 |
| felicity@wacda.com | conrad@wacda.com |

Complaint for Declaratory and Injunctive Relief
**Page 10 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558